UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO MICHA AYEKABA,

       Plaintiff,

   -against-

ANATOLIO NDONG MBA, et al.,

       Defendants.

**ORDER**

18 Civ. 12040 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

   In this breach of contract action, Defendants have moved to dismiss and for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(6), and 12(c). The Court referred Defendants' motion to Magistrate Judge Stewart D. Aaron for a Report and Recommendation ("R&R"). Judge Aaron recommends that the case be dismissed for lack of subject matter jurisdiction. For the reasons stated below, the Court adopts Judge Aaron's R&R in its entirety.

## BACKGROUND

   On October 29, 2018, pro se Plaintiff Pedro Micha Ayekaba commenced this action in Civil Court of the City of New York by filing a Summons with an Endorsed Complaint ("Complaint") against Defendants Anatolio Ndong Mba ("Mba") and the Permanent Mission of Equatorial Guinea to the United Nations (the "Mission"). The Complaint asserts a breach of contract claim and seeks $17,000, plus interest, for failure "to pay wages owed to plaintiff for working as [a] driver." (Cmplt. (Dkt. No. 3-1) (emphasis omitted))

   On December 20, 2018, before valid service was effectuated, Defendants removed the case to this District. (Notice of Removal (Dkt. Nos. 1, 3) ¶ 4) On June 24, 2019,

Defendants moved to dismiss and for judgment on the pleadings, arguing that the Complaint should be dismissed for lack of subject matter jurisdiction. (Def. Br. (Dkt. No. 26)) Defendants argue, inter alia, that the Mission has sovereign immunity under the Foreign Sovereign Immunities Act (FSIA) and that Mba – as the Mission's Permanent Representative and Ambassador – has diplomatic immunity under the Vienna Convention on Diplomatic Relations of 1961 (which the United States has implemented through the Diplomatic Relations Act of 1978, 22 U.S.C. § 254d). (Id. ¶¶ 2-10)

On August 30, 2019, the Court referred Defendants' motion to Judge Aaron for an R&R. (Dkt. No. 27) Because it was not clear that Plaintiff had received Defendants' motion papers, Judge Aaron issued a September 3, 2019 order (Dkt. No. 28) directing Defendants to serve Plaintiff with their motion papers by September 10, 2019. In that same order, Judge Aaron directed Ayekaba to respond to Defendants' motion by October 10, 2019, and recommended that Ayekaba consult with the New York Legal Assistance Group before doing so. (Id.) On September 4, 2019, Defendants filed proof of service regarding Judge Aaron's order. (Dkt. Nos. 29, 30)

On October 18, 2019, having not received any response from Ayekaba to Defendants' motion, Judge Aaron ordered Ayekaba to show cause why this action should not be dismissed. (Dkt. No. 31) In his order, Judge Aaron explains the relevant provisions of the FSIA and the Diplomatic Relations Act, and invites Ayekaba to file a declaration setting forth facts demonstrating that his claims are viable despite the protections afforded to Defendants in those statutes. (Id.) To date, Ayekaba has not responded in any fashion to Judge Aaron's order.

On November 25, 2019, Judge Aaron issued an R&R recommending that Defendants' motion be granted for lack of subject matter jurisdiction. Judge Aaron concludes

that the Mission is immune from suit under the FSIA, and that Mba is immune from suit under the Diplomatic Relations Act.  (R&R (Dkt. No. 34) at 7-8)  The R&R notes that while FSIA immunity is unavailable where an "action is based upon a commercial activity" (Id. at 4 (quoting 28 U.S.C. § 1605(a)(2))), Ayekaba has the burden of showing that this exception applies, and he has not done so.  (Id. at 8)  Judge Aaron also cites case law supporting Defendants' argument that Ayekaba's work activities (as a driver for the Mission) are governmental, and not commercial, in nature.  (Id. at 7 (quoting Figueroa v. Ministry for Foreign Affairs of Sweden, 222 F. Supp. 3d 304, 313 (S.D.N.Y. 2016) (work of a chauffeur for the Permanent Mission of Sweden was "undoubtedly governmental"; "plaintiff's transportation responsibilities as a chauffeur at the Mission were sufficiently intertwined with the diplomatic function of the Mission such that the employment itself was part of the defendants' sovereign function"))  Concluding that Defendants are immune from suit, Judge Aaron recommends that the Complaint be dismissed for lack of subject-matter jurisdiction.  (R&R (Dkt. No. 34) at 7-8)

On November 25, 2019, Judge Aaron's chambers emailed Ayekaba a copy of the R&R and, on November 26, 2019, the Clerk of Court mailed a copy to the address that Ayekaba had provided to the Court.  (Id. at 8; Notice of Change of Address (Dkt. No. 18))  The R&R warns that "**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**"  (R&R (Dkt. No. 34) at 9) (emphasis in original)  No objections to the R&R have been filed.

## DISCUSSION

I. **LEGAL STANDARDS**

   A. **Review of a Magistrate Judge's Report and Recommendation**

In reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to an R&R, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. A party, however, "generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

Here, despite clear warning that the failure to file timely objections would result in a waiver of judicial review (R&R (Dkt. No. 34) at 9), Ayekaba has not objected to Judge Aaron's R&R. Accordingly, Ayekaba has waived judicial review. See Spence v. Superintendent. Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

A failure to file timely objections does not affect a district judge's jurisdiction, however, and "may be excused in the interests of justice." DeLeon, 234 F.3d at 86 (citing

Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)). Accordingly, this Court will consider whether there is any "'clear error on the face of the record'" that precludes acceptance of Judge Aaron's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note); see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.").

### B. Rule 12(b)(1) Standard

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit ([i.e.,] subject-matter jurisdiction). . . ." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Where subject matter jurisdiction is challenged, a plaintiff "bear[s] the burden of 'showing by a preponderance of the evidence that subject matter jurisdiction exists.'" APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (quoting Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008), aff'd, 561 U.S. 247 (2010) (citing Makarova, 201 F.3d at 113).

In reviewing a Rule 12(b)(1) motion, the court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). The court

5

"may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but . . . may not rely on conclusory or hearsay statements contained in the affidavits." Id. In resolving a Rule 12(b)(1) motion, a court may also "consider 'matters of which judicial notice may be taken.'" Greenblatt v. Gluck, 03 Civ. 597 (RWS), 2003 WL 1344953, at *1 n.1 (S.D.N.Y. Mar. 19, 2003) (quoting Hertz Corp. v. City of New York, 1 F.3d 121, 125 (2d Cir. 1993)).

The court must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted). "The policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (internal quotation marks, alteration, and citation omitted). Although the court is "obligated to draw the most favorable inferences that [a pro se] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

## II. ANALYSIS

The Court has carefully reviewed Judge Aaron's R&R and finds no error (clear or otherwise). For the reasons stated in the R&R, the Mission is immune from suit under the FSIA, as Plaintiff has not demonstrated that any applicable exception applies. (R&R (Dkt. No. 24) at 7) see also USAA Cas. Ins. Co v. Permanent Mission of Republic of Namibia, No. 10 Civ. 4262 (LTS), 2010 WL 4739945, at *2 (S.D.N.Y. Nov. 17, 2010), aff'd sub nom. USAA Cas. Ins. Co.

v. Permanent Mission of Republic of Namibia, 681 F.3d 103 (2d Cir. 2012) ("A country's permanent mission to the United Nations is considered a 'foreign state' for the purposes of the FSIA . . . and in the instant case, the Plaintiff concedes that defendant . . . is a foreign mission or consulate. Plaintiff therefore has the burden of showing that an exception to immunity applies."). Moreover, Mba – as the Permanent Representative and Ambassador of the Mission – is immune from suit under the Diplomatic Relations Act. (R&R (Dkt. No. 34) at 9) see also Swarna v. Al-Awadi, 622 F.3d 123, 137 (2d Cir. 2010) ("Sitting diplomats are accorded near-absolute immunity in the receiving state to avoid interference with the diplomat's service for his or her government.") Because Defendants are immune from suit, Judge Aaron correctly concluded that this Court lacks subject matter jurisdiction. As a result, this action must be dismissed.

## CONCLUSION

For the reasons stated above, Judge Aaron's Report & Recommendation (Dkt. No. 34) is adopted in its entirety. The Clerk of Court is directed to terminate all pending motions (Dkt. Nos. 12, 13, 19, 20, 25) and to close this case. The Clerk is further directed to mail a copy of this Order to pro se Plaintiff by certified mail.

Dated: New York, New York
March 6, 2020

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

7